Barthell vs. Hencke and another.

---

BARTHELL, Appellant, vs. HENCKE and another, Respondents.

*May 6 — May 24, 1898.*

*Corporations: Attachment of stock: Service on de jure officer: Collateral attack.*

.   Where a person who has been illegally elected secretary and treasurer of a corporation has taken possession of the corporate books and papers, and is recognized by the corporation as such officer, his right to the office must be recognized by outsiders. Jurisdiction in proceedings to attach corporate stock under sec. 2989, R. S. 1878, cannot therefore be obtained by service of a copy of the writ on the *de jure* secretary.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

*Barthell* sued the defendants upon promissory notes. The defendants were nonresidents and no service was obtained upon them, but they owned stock in two Wisconsin corporations, and a writ of attachment was issued, and the officer executing the writ attempted to attach such shares of stock under secs. 2738, 2989, R. S. 1878, by leaving a copy of the writ with one Charles E. Barthell, whom he certified to be the secretary and treasurer of both corporations. Charles E. Barthell gave the officer certificates, as required by sec. 2989, R. S. 1878, certifying that the defendants *Hencke* owned certain shares of stock in the ·said corporations ex-

ceeding in par value the notes sued on, and signed such certificates as secretary and treasurer of the two corporations. The officer made due return of the writ, and an order for service by publication of the summons was duly obtained, under which personal service was made on the defendants in the state of Minnesota. No appearance being made, judgment by default was entered for the amount due on the notes, execution was issued, and the stock levied upon. Thereupon the defendants appeared specially, for the purpose of moving to set aside the attachment, judgment, and execution, upon affidavits tending to show that Charles E. Barthell was not an officer of the corporations at the time of the service of the writ of attachment upon him, nor the custodian of any of their books or papers. Testimony was taken upon the motion, and the court found, among other things, that Charles E. Barthell was, at the time of the service of the writ of attachment, secretary and treasurer *de jure* of both corporations, but that *Fred W. Hencke* was the secretary and treasurer *de facto*, and had possession of the books, papers, and records thereof. Thereupon the court vacated the judgment, attachment, and execution levies as void for want of jurisdiction, and the plaintiff appeals.

*H. V. Gard*, for the appellant, contended, *inter alia*, that service on an officer who is such officer *de jure* only is good. *Eel River Nav. Co. v. Struver*, 41 Cal. 616; *Badger v. U. S.* 93 U. S. 604; *Salamanca v. Wilson*, 109 id. 627; Beach, Priv. Corp. § 233. There can be no *de facto* officer apart from the *de jure* officer, where there is another individual claiming to hold the title to the office and the right to act therein. Beach, Priv. Corp. § 233; Thomp. Corp. § 3898; *Ellsworth W. Mfg. Co. v. Faunce*, 79 Me. 440; *Genesee Ind. Sch. Dist. v. McDonald*, 98 Pa. St. 444; *Moses v. Tompkins*, 84 Ala. 613.

For the respondents there was a brief by *Titus & McIntosh*, and oral argument by *T. L. McIntosh*.

Barthell vs. Hencke and another.

WINSLOW, J.   Corporate stock can only be attached by leaving an attested copy of the writ with "the clerk, treasurer, or cashier" of the corporation, if there be such an officer; otherwise with any officer or person who has custody of the books and papers of the corporation.   R. S. 1878, sec. 2989.   In the present case the copy was left with a man who had been legally elected secretary and treasurer.   Two days prior to the service of the writ, however, meetings of both corporations had been held, and another person had been elected, who had immediately taken possession of the corporate books and papers.   No sufficient notice of these meetings had been served on Charles E. Barthell, who owned one share of stock in each corporation.   Therefore, although all the other stockholders were present, it seems that no legal election of new officers could be held.   Upon this fact the appellant claims that Barthell was still the *de jure* secretary and treasurer, and so that the attachment was effective.   This claim, however, cannot be sustained.   Conceding that the election of the new secretary and treasurer was invalid, he still took and retained possession of the books and papers of his office, and, as to third persons, he was, to all intents and purposes, the secretary and treasurer of the corporations.   The title to corporate offices cannot be tried in this way.   One who is acting as officer of a corporation, and who is recognized by the corporation itself, and is in possession of his office, must be recognized as such officer by outsiders in all merely collateral proceedings.   His right can only be attacked in a direct action brought for that purpose by a stockholder or by one authorized by law to sue.   *People ex rel. McConville v. Hills,* 1 Lans. 202; *Mechanics Nat. Bank v. H. C. Burnet Mfg. Co.* 32 N. J. Eq. 236; 1 Cook, Stock, § 620; 3 Thomp. Corp. § 3897.

It follows that there was no legal attachment of the defendants' stock, and hence that no jurisdiction was obtained, and the proceedings were rightly vacated.

*By the Court.*— Order affirmed.